IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK A. CROUCH, #M00820, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-01372-NJR |
| | ) |
| OFFICER WOOLEY, | ) |
| ANGELA CRAIN, | ) |
| KIMBERLY BUTLER, | ) |
| OFFICER ELLETT, | ) |
| MAJOR PAIGE, | ) |
| LIEUTENANT EVOLI, | ) |
| OFFICER SPARLING, | ) |
| OFFICER BRUMLEY, | ) |
| COUNSELOR KNUST, | ) |
| COUNSELOR PAYNE, | ) |
| and UNKNOWN PARTIES, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Mark Crouch, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* action pursuant to 42 U.S.C. § 1983 against ten known and seven unknown Menard officials for violating his federal constitutional and statutory rights at Menard in 2014. Plaintiff was allegedly blamed for assaulting a staff member at the prison and, consequently, subjected to ongoing retaliation by Menard officials. (Doc. 1). These officials acted pursuant to the warden's "living hell directive." (*Id*.). That is, Menard's warden promised Plaintiff that she would make his life a "living hell," after learning that he participated in the staff assault. (*Id*.).

Plaintiff claims that he had no involvement in the incident. He is a Muslim and was performing salaat (*i.e.*, holy prayer) at the time of the staff assault. Two correctional officers,

C/O Frick and C/O Jackson, made this clear to each of the defendants. (*Id*. at 13-14, 21). Even so, the defendants waged a campaign of retaliation against him.

Plaintiff now sues the sixteen defendants in their individual and official capacities. He seeks monetary damages and injunctive relief, in the form of an order requiring Menard officials to provide timely responses to his grievances, expunge his disciplinary ticket and record, and provide him with a sunset meal tray during Ramadhan. (Doc. 1-1 at 19-24).

## Merits Review Under 28 U.S.C. § 1915A

The complaint is now subject to preliminary review under 28 U.S.C. § 1915A. According to Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir.

2011); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

In the complaint, Plaintiff describes himself as a devout Muslim. (Doc. 1 at 10-11). While performing his salaat, or holy prayer, in Menard's inmate kitchen on July 3, 2014, two other inmates assaulted a staff member nearby. (*Id*. at 11). Plaintiff was unaware of the incident, but later learned that his cellmate was one of the perpetrators.

Based on his proximity to the incident and his relationship to the perpetrator, Plaintiff was identified as an involved party. (*Id*. at 2, 12). He insists that he had no involvement and that prison officials were aware of this fact. Even so, on July 3, 2014, Warden Kimberly Butler told Plaintiff that she would make his life a "living hell" from that point forward. Plaintiff describes this statement as Warden Butler's "living hell directive," and he maintains that it prompted her subordinates to target him for retaliation.

For the next two months, sixteen prison officials targeted Plaintiff for mistreatment and, in the process, violated his federal constitutional and statutory rights. The complaint describes each of the alleged violations in detail. The Court will separately summarize the factual allegations offered in support of Plaintiff's claims and analyze the legal merits of each claim below.

**COUNT 1:** **Defendants Butler, Wooley, Ellett, Paige, John Doe #3, and John Doe #4 interfered with Plaintiff's right to freely exercise his religion, in violation of the First Amendment, when they denied him a post-sunset meal for sixteen days (*i.e.*, July 3-18, 2014) during Ramadhan.**

During Ramadhan, Plaintiff is required to fast from sunrise to sunset each day. (Doc. 1 at 2, 10-11, 17, 20-21). To ensure that Plaintiff receives adequate nutrition during the holy month, prison officials provide him with one meal before sunrise and one meal after sunset. Plaintiff was denied a sunset meal tray from July 3-18, 2014. He claims that Warden Butler, C/O Wooley, I/A Officer Ellett, Major Paige, C/O John Doe #3, and C/O John Doe #4 interfered with the practice of his religion by denying him the post-sunset meal tray for sixteen days during Ramadhan, in violation of the First Amendment Free Exercise Clause. (*Id*. at 2, 10-11).

Plaintiff shall be allowed to proceed with Count 1 against these defendants. To state a free exercise claim, a plaintiff must demonstrate that the defendants personally and unjustifiably placed a substantial burden on his religious practices. *See Thompson v. Holm*, No. 15-1928, 2016 WL 29047 (7th Cir. Jan. 4, 2016) (citing *Hernandez v. Comm'n of Internal Revenue*, 490 U.S. 680, 699 (1989); *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011); *Nelson v. Miller*, 570 F.3d 868, 879-80 (7th Cir. 2009); *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006)). A substantial burden "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id*. (quoting *Thomas v. Review Bd.*, 450 U.S. 707, 717-18 (1981); *Nelson*, 570 F.3d at 878 (7th Cir. 2009); *Koger v. Bryan*, 523 F.3d 789, 799 (7th Cir. 2008)). The "burden" on the plaintiff's religious right is unjustified if it is not reasonably related to a legitimate penological interest. *Id*. (citing *Turner v. Safley*, 482 U.S. 78, 89-91 (1987)).

Forcing a prisoner to choose between foregoing adequate nutrition and violating a central tenet of his religion, *i.e.*, fasting properly during Ramadhan, substantially burdens his First Amendment rights to freely exercise his religion. *Thompson*, No. 15-928, 2016 WL 29047, at *3 (7th Cir. Jan. 4, 2016) In *Thompson*, the Seventh Circuit recently held that the denial of meal bags for just over two days (*i.e.*, 55 hours) constitutes a substantial burden. *Id*. In this case, the

deprivation of post-sunset meals lasted sixteen days, which satisfies the "substantial burden" requirement for screening purposes.

Further, the complaint suggests that Warden Butler, C/O Wooley, I/A Officer Ellett, Major Paige, C/O John Doe #3, and C/O John Doe #4 were all personally involved in imposing the substantial burden. *Id*. (citing *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009)). And they did so for no legitimate penological reason. At this stage, **Count 1** shall proceed against Warden Butler, C/O Wooley, I/A Officer Ellett, Major Paige, C/O John Doe #3, and C/O John Doe #4; this claim shall be dismissed without prejudice against all other defendants.

**COUNT 2:** **Defendants imposed a substantial burden on Plaintiff's religious exercise for no legitimate penological reason and in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*., when they denied him a post-sunset meal for sixteen days (*i.e.*, July 3-18, 2014) during Ramadhan.**

RLUIPA applies to state and local governments and to those acting under color of state law. *See* 42 U.S.C. § 2000cc-5(4). It confers greater religious rights on prisoners than the Free Exercise Clause has been interpreted to confer. *See* 42 U.S.C. § 2000cc-1; *Cutter v. Wilkinson*, 544 U.S. 709, 714-17 (2005). RLUIPA prohibits prisons receiving federal funds from imposing a substantial burden on an inmate's religious exercise unless that burden: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that interest. 42 U.S.C. § 2000cc–1(a)(1)–(2). However, "[u]nlike cases arising under the Free Exercise Clause of the First Amendment, this prohibition applies even where the burden on the prisoner 'results from a rule of general applicability.'" *Koger,* 523 F.3d at 796 (quoting 42 U.S.C. § 2000cc–1 (a)).

Because sovereign immunity shields state officials from monetary damages in their official capacities, and RLUIPA does not allow for money damages against prison officials in

their individual capacities, injunctive relief is the only possible remedy RLUIPA affords. *Grayson v. Schuler,* 666 F.3d 450, 451 (7th Cir. 2012); *Nelson,* 570 F.3d at 886–89. Further, the proper parties in a claim for injunctive relief include the supervisory government officials who would be responsible for ensuring that injunctive relief is carried out. *Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir. 2011).

In the instant complaint, Plaintiff names a supervisory official, Warden Butler, in this lawsuit. He seeks injunctive relief, in the form of an order requiring prison officials to provide him with a sunset meal tray during Ramadhan, among other things. At this early stage, Plaintiff shall be allowed to proceed with a request for injunctive relief in **Count 2** against Defendant Butler; this claim shall be dismissed with prejudice against all other defendants.

**COUNT 3:** **Defendants Butler, Evoli, Sparling, John Doe #1, and John Doe #2 used excessive force against Plaintiff on July 3, 2014, in violation of the Eighth Amendment, when they assaulted him in the prison's inmate kitchen and health care unit.**

In response to Warden Butler's "living hell directive," Lieutenant Evoli, C/O Sparling, C/O John Doe #1, and C/O John Doe #2 assaulted Plaintiff on July 3, 2014. (Doc. 1 at 3, 10-15). Lieutenant Evoli repeatedly choked Plaintiff and slammed him into a stack of food trays in the inmate kitchen. Officer Sparling repeatedly punched Plaintiff in the stomach. While Plaintiff's hands were cuffed behind his back, C/O John Doe #1 and C/O John Doe #2 then beat Plaintiff with closed fists and kicked him in the head and torso in the inmate kitchen and again in the health care unit. (*Id*. at 3, 15). He suffered a black eye and bruised ribs, lungs, knees, and legs. (*Id*. at 18, 20).

The Court will allow Plaintiff to proceed with an Eighth Amendment excessive force claim against each of these defendants. The Eighth Amendment forbids the wanton and unnecessary infliction of pain upon prisoners. It has long been recognized that the "core

requirement" of an excessive force claim under the Eighth Amendment is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). *See also Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). Factors that guide the Court's analysis of whether an officer's use of excessive force was legitimate or malicious are the need for an application of force, the amount of force used, the threat an officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury suffered by the prisoner. *Hendrickson*, 589 F.3d at 890; *Hudson*, 503 U.S. at 7; *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004).

Construing the allegations in the complaint liberally, as the Court is required to do at this stage, no force was necessary. These defendants assaulted Plaintiff, even after learning that he had no involvement in the staff assault. At the time, Plaintiff was cuffed behind his back and sustained numerous injuries. Given these allegations, **Count 3** against Defendants Butler, Evoli, Sparling, John Doe #1, and John Doe #2 warrants further review; this claim shall be dismissed without prejudice against all other defendants.

**COUNT 4:    Defendants Butler, Paige, Wooley, Brumley, and Jane Doe #1 failed to protect Plaintiff from a staff assault on July 3, 2014, in violation of the Eighth Amendment.**

Plaintiff further claims that Warden Butler, Major Paige, C/O Wooley, C/O Brumley, and C/O Jane Doe #1 failed to protect Plaintiff from the staff assault, in violation of the Eighth Amendment. (Doc. 1 at 3-4, 10-15). Each of these defendants observed the assault in the inmate kitchen and/or health care unit. Instead of intervening or taking steps to stop the assault of Plaintiff, however, they "turned a blind eye" and exercised "willful ignorance." (*Id.*).

These allegations support an Eighth Amendment failure to protect claim against Defendants Butler, Paige, Wooley, Brumley, and Jane Doe #1. Prison officials "have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825 (1994). This duty extends to the protection of prisoners from the excessive use of force by other officers. *See Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (collected cases). Officials "incur liability for the breach of that duty when they [a]re 'aware of a substantial risk of serious injury to [an inmate] but nevertheless fail[ ] to take appropriate steps to protect him from a known danger.'" *Rice ex rel. Rice v. Correctional Med. Serv.*, 675 F.3d 650, 669 (7th Cir. 2012) (citing *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007) (quoting *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)). Given the allegations, **Count 4** cannot be dismissed against Defendants Butler, Paige, Wooley, Brumley, and Jane Doe #1 because they allegedly stood by and observed the assault of Plaintiff; this claim shall be dismissed without prejudice against all other defendants.

**COUNT 5:** **Defendants Butler, Paige, Wooley, C/O John Doe #5, and C/O Nagel unlawfully destroyed Plaintiff's personal property after placing him in segregation in July 2014.**

Warden Butler, Major Paige, C/O Wooley, and C/O John Doe #5 then placed Plaintiff under investigation and sent him to segregation. (Doc. 1 at 4-5, 16; Doc. 1-1 at 10). While in segregation, these defendants and C/O Nagel allegedly destroyed Plaintiff's personal property, including his television, lamp, gym shoes, prayer rug, and Qur'an. (Doc. 1 at 5; Doc. 1-1 at 10). Plaintiff now sues them for the destruction of his property under the Eighth Amendment.

These allegations support no colorable constitutional claim against the defendants. The only constitutional right that might be implicated by these facts is Plaintiff's right to be free

from deprivations of his property by state actors without due process of law under the Fourteenth Amendment. To state a due process claim, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995). Therefore, Plaintiff should pursue this claim in the Illinois Court of Claims. **Count 5** shall be dismissed without prejudice against all defendants.

**COUNT 6:**  **Defendants Butler and C/O John Doe #6 unlawfully subjected Plaintiff to "constant cell change therapy" for three weeks in August 2014.**

Plaintiff next complains that he was subjected to "constant" cell changes from August 7-27, 2014. (Doc. 1 at 5). He specifically alleges that Warden Butler and C/O John Doe #6 placed him on "constant cell change therapy." (*Id.*; Doc. 1-1 at 10). The complaint does not indicate how often Plaintiff was transferred from one cell to another at Menard during this three-week period, or the conditions he endured in each cell. In conclusory fashion, Plaintiff asserts that he suffered from "injury of an unstable constitutional cell location." (Doc. 1 at 5). His injuries appear to include the loss of property, grievance responses, and mail.

These allegations support no claim against the defendants for frequent cell changes. The transfer of Plaintiff to different cells within the prison, or to a different prison altogether, does not offend the Constitution because the Constitution does not guarantee placement in a particular prison or location within a prison. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Likewise, "prisoners possess neither liberty nor property in their classifications and prison assignments.

States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)). **Count 6** shall be dismissed without prejudice against all defendants.

**COUNT 7:    Defendant Crain subjected Plaintiff to cruel and unusual punishment, in violation of the Eighth Amendment, when she released Plaintiff's medical records to another inmate's attorney on August 19, 2014.**

Plaintiff next complains that Angela Crain photocopied his medical records on August 19, 2014, and intentionally released them to the attorneys of Stephen Couch (#B-12125). (Doc. 1 at 5-6, 19; Doc. 1-1, 15-16). According to the complaint, the action was taken in order to humiliate Plaintiff. (*Id*.).

This claim consists of nothing more than vague factual allegations and conclusory legal statements. When screening a complaint, this Court cannot "accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Smith*, 631 F.3d at 419; *Brooks*, 578 F.3d at 581. Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.

The allegations in the complaint do not satisfy this standard. At most, the complaint suggests that Defendant Crain was negligent when transmitting Plaintiff's medical records. She sent them to the attorney of Stephen "Couch," whose last name is nearly identical to Plaintiff "Crouch." And negligence is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). **Count 7** fails to state a claim upon which relief may be granted and shall be dismissed without prejudice.

**COUNT 8:** Defendants Butler, Knust, and Payne mishandled Plaintiff's grievances, in violation of the Eighth and Fourteenth Amendments, when they failed to respond to the grievances within a reasonable time period in 2014.

Plaintiff also sues Warden Butler, Counselor Knust, and Counselor Payne under the Eighth and Fourteenth Amendments for failing to respond to his grievances in a "reasonable time period." (Doc. 1 at 6-10, 19-20). At times, they did not respond at all, causing Plaintiff to "suffer the physical injury of lossed (sic) paper/hardcopy/documented exhaustion of administrative remedies evidence." (*Id*. at 7). These allegations give rise to no claim against the defendants for mishandling Plaintiff's grievances.

The Seventh Circuit does not recognize an Eighth Amendment cruel and unusual punishment claim or a Fourteenth Amendment due process claim arising from a prison's grievance process. *See Courtney v. Devore*, 595 Fed. Appx. 618, 620-21 (7th Cir. 2014) (noting that "state grievance procedures do not create substantive liberty interests protected by the due process clause," and the "mishandling" of grievances states no claim); *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause.").

The right to a grievance procedure exists primarily to ensure access to the courts. *Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008). But if prison officials "do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting," the grievance system is considered unavailable, and the path to federal court is clear. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Administrative remedies are deemed exhausted where "prison officials [a]re responsible for the mishandling of

[a prisoner's] grievance." *Id*. Either way, no claim arises for the mishandling of Plaintiff's grievances, and **Count 8** shall be dismissed with prejudice.

**COUNT 9:**   **Defendants Butler, Paige, Wooley, John Doe #3, and John Doe #4 subjected Plaintiff to unconstitutional conditions of confinement in segregation in July 2014, in violation of the Eighth Amendment.**

Plaintiff complains about the conditions of his confinement while he was housed in segregation on investigative status beginning on July 3, 2014. (Doc. at 17). He was denied personal hygiene items and bedding. (*Id*.). Because he also was denied a post-sunset meal tray and a regular lunch tray, Plaintiff received only one meal each day. (*Id*. at 17, 23). He blames Warden Butler, Major Paige, C/O Wooley, John Doe #3, and John Doe #4 for creating these conditions. (*Id*. at 23-24; Doc. 1-1 at 2).

Prison officials violate the Eighth Amendment when they show deliberate indifference to adverse conditions that deny "the minimal civilized measure of life's necessities," including "adequate sanitation and personal hygiene items." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Farmer*, 511 U.S. at 834 (citation omitted)). Prison conditions that deprive inmates of basic human needs, such as adequate nutrition, health and safety, may also constitute cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). Even if certain conditions are not individually serious enough to work constitutional violations, the Seventh Circuit has observed that "conditions of confinement may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd*, 711 F.3d at 842 (quoting *Wilson v. Seiter,* 501 U.S. 294, 304 (1991); *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995)).

The allegations in the complaint suggest that Plaintiff endured conditions at Menard in July 2014 that may have violated constitutional norms. He allegedly lacked adequate nutrition,

hygiene supplies, and bedding. The allegations also suggest that Warden Butler, Major Paige, C/O Wooley, C/O John Doe #3, and C/O John Doe #4 were deliberately indifferent to these conditions. *Wilson*, 501 U.S. at 298. At this early stage, **Count 9** shall proceed against Defendants Butler, Paige, Wooley, John Doe #3, and John Doe #4; this claim shall be dismissed without prejudice against all other defendants.

**COUNT 10:** **Defendants exhibited deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment, when they delayed treatment for the injuries he received from the assault until July 19, 2014.**

Plaintiff claims that he was denied medical treatment for the injuries he sustained in the assault on July 3, 2014. (Doc. 1 at 18). According to the complaint, he suffered from a black eye and bruised ribs, lungs, knees, and legs. (*Id*. at 18, 20). He was taken to Menard's health care unit immediately after the assault and received x-rays at that time. (*Id*. at 15). But Plaintiff alleges that he did not receive treatment for these injuries until sixteen days later. (*Id*. at 18).

The Eighth Amendment "safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *See Perez v. Fenoglio*, 792 F.3d at 768, 776 (7th Cir. 2015) (citing *Rodriguez*, 577 F.3d at 828 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). To state an Eighth Amendment claim in this context, a plaintiff must allege an objectively serious medical condition and an official's deliberate indifference to that condition. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). A serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005). Deliberate indifference occurs when a defendant realizes that a substantial risk of harm to a prisoner exists, but disregards the known risk. *Farmer*, 511 U.S. at 837.

The complaint falls short of stating a medical needs claim against the defendants. In reaching this conclusion, the Court assumes, without deciding, that the medical needs described by Plaintiff were sufficiently serious to satisfy the objective component of this claim. The defendants' response does not rise to the level of deliberate indifference, however, and therefore fails to satisfy the subjective component of this claim. *Id.*

The Seventh Circuit has held that a guard who uses excessive force on a prisoner has "a duty of prompt attention to any medical need to which the beating might give rise[.]" *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996). Following his assault, Plaintiff indicates that he was immediately taken to the health care unit for treatment. He was examined by medical staff; x-rays were taken, and he was diagnosed with bruising (*i.e.*, a black eye and bruised ribs, lungs, knees, and legs). Given this diagnosis of bruising, it is unclear what treatment Plaintiff believes he needed. The complaint does not say. Further, Plaintiff does not describe the treatment he eventually received. The Court is left to guess what treatment was required under the circumstances.

Plaintiff also does not allege that anyone *knew* he needed additional medical care for the injuries and still denied treatment. No allegations suggest that he asked anyone, in particular or in general, for additional medical care after his initial examination on July 3, 2014. Plaintiff does not allege that he complained of pain, and his complaints were denied. As pleaded, the complaint does not suggest that any defendant exhibited deliberate indifference to Plaintiff's medical needs. Therefore, **Count 10** shall be dismissed without prejudice.

**COUNT 11: Defendants retaliated against Plaintiff for a staff assault that they knew he did not commit, in violation of his First Amendment rights.**

Plaintiff maintains that all of the conduct described above constitutes retaliation for the staff assault that occurred on July 3, 2014. According to the complaint, the defendants took

adverse action against Plaintiff, in violation of the First Amendment, even after they learned that he did not assault a staff member.

Where an inmate alleges retaliation, he must identify the reasons for the retaliation, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002). A Plaintiff must have engaged in some protected First Amendment activity (*e.g.*, filing a grievance or otherwise complaining about conditions of confinement), experienced an adverse action that would likely deter such protected activity in the future, and allege that the protected activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *Bridges v. Gilbert,* 557 F.3d 541, 552 (7th Cir. 2009).

Plaintiff claims that he was subjected to a number of adverse actions (*see* Counts 1-10 above) by the defendants, after he was identified in connection with a staff assault that he did not commit. Plaintiff's retaliation claim must fail, though, because the adverse actions were not triggered by any *protected* First Amendment activity on his part. The alleged staff assault does not constitute protected activity; to the contrary, such behavior is outlawed by prison rules. The Court at this stage accepts Plaintiff's assertion that he was falsely accused of being involved in a staff assault. Even assuming he was innocent, however, being charged with a conduct violation is not a "protected activity" that would support a First Amendment claim.

The fact that he was falsely labeled a "staff assaulter" and was the subject of Warden Butler's "living hell directive" might bear on the claims in Counts 1-10, if any of the defendants knew of this false label and acted upon it. But the facts outlined in the complaint do not support a distinct First Amendment retaliation claim because no protected activity is described. **Count 11** shall be dismissed without prejudice.

**Identification of Unknown Defendants**

Plaintiff shall be allowed to proceed with the following claims against the unknown defendants listed herein: Count 3 against Defendants John Doe #1 and John Doe #2; Counts 1 and 9 against Defendants John Doe #3 and John Doe #4; and Count 4 against Defendant Jane Doe #1. These parties must be identified with particularity, however, before service of the complaint can be made on them. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez*, 577 F.3d at 832. In this case, Warden Butler is already named as a defendant in this action and shall respond to discovery aimed at identifying these unknown defendants. Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of Defendants John Does ##1-4 and Jane Doe #1 are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the complaint.

**Disposition**

**IT IS HEREBY ORDERED** that Defendants **KNUST, PAYNE, CRAIN, JOHN DOE #5,** and **JOHN DOE #6** are **DISMISSED without prejudice** from this action because the complaint fails to state a claim against them upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 8** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted, and **COUNTS 5, 6, 7, 10,** and **11** are **DISMISSED** without prejudice for the same reason.

**IT IS ALSO ORDERED** that the following claims shall receive further review: **COUNT 1** against Defendants **BUTLER, WOOLEY, ELLETT, PAIGE, JOHN DOE #3,** and

**JOHN DOE #4**; **COUNT 2** against Defendant **BUTLER**; **COUNT 3** against Defendants **BUTLER, EVOLI, SPARLING, JOHN DOE #1,** and **JOHN DOE #2**; **COUNT 4** against Defendants **BUTLER, WOOLEY, PAIGE, BRUMLEY**, and **JANE DOE #1**; and **COUNT 9** against Defendant **BUTLER, WOOLEY, PAIGE, JOHN DOE #3**, and **JOHN DOE #4**; these claims are hereby **DISMISSED** without prejudice against all defendants who are not named in connection with each claim herein.

     **IT IS ORDERED** that with regard to **COUNTS 1, 2, 3, 4,** and **9,** the Clerk of Court shall prepare for Defendants **BUTLER, WOOLEY, ELLETT, PAIGE, EVOLI, SPARLING,** and **BRUMLEY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

     **IT IS FURTHER ORDERED** that service shall not be made on Defendants John Does ##1, 2, 3, and 4 of Jane Doe #1 until such time as Plaintiff has identified them by name in a properly filed motion for substitution. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

     **IT IS ALSO ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.

This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a plan for discovery aimed at identifying Defendants John Does ##1, 2, 3, 4, and Jane Doe #1.

Further, this entire matter is **REFERRED** to Magistrate Judge **Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 14, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**