IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK A CROUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-1372-NJR-DGW |
| ) | |
| SARAH WOOLEY, RYNE ELLET, KEVIN ) PAGE, FRANK EOVALDI, JORDAN ) SPARLING, TIMOTHY BRUMLEY, ) KIMBERLY BUTLER and UNKNOWN ) PARTY, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are Plaintiff's first Motion to Spread the Record filed on March 4, 2016 (Doc. 8), his Motion to Appoint Counsel filed on March 25, 2016 (Doc. 11), his (second) Motion to Spread the Record filed on March 25, 2016 (Doc. 12), and his Motion for Disclosure and initial filing fee filed on April 22, 2016 (Doc. 14).

In the first motion to "spread the record," Plaintiff states that various documents were not filed with his complaint even though he submitted them for filing to prison officials; namely, pages 7 and 8 of appendix C and appendices D, E, F and G. The Court has reviewed the Complaint (Doc. 1) and finds that all of these appendices have been filed and are complete. This first Motion to Spread the Record is **MOOT** (Doc. 8).

In the second motion to "spread the record," Plaintiff states that he has not received a copy of the Court's Screening Order. He requests another copy and a copy of the docket sheet. The Motion is **GRANTED** (Doc. 12). As a one-time courtesy, the Clerk of Court is **DIRECTED** to mail to Plaintiff a copy of the Court's Order entered on January 15, 2016 (Doc. 5) and a copy of the

docket sheet. If Plaintiff requires other documents, he may be required to pay the copying fee.

Plaintiff next states that he has insufficient funds to pay the $7.22 initial filing fee assessed on December 18, 2015 (Doc. 4). Plaintiff was given until May 4, 2016 to pay the initial filing fee (Doc. 13). He indicates, however, that he has no funds and has provided trust fund statements from April 7, 2015 to December 7, 2015, a date just prior to the filing of the Complaint when he had an available balance of $64.29. Plaintiff also has attached two memoranda from the prison indicating that he has insufficient funds in his trustfund account in March and April, 2016 to pay for a "hygiene bag."

Plaintiff is essentially requesting a waiver of his initial partial filing fee. Title 28 U.S.C. § 1915(a)(1), allows a party to proceed without the *prepayment* of the entire $350.00 filing fee provided that an affidavit is submitted listing all assets that the prisoner possesses. Section 1915(b) further provides for the assessment of an initial filing fee with a requirement of additional monthly payments until the entire filing fee has been paid. At the time the initial $7.22 filing fee was imposed, Plaintiff had the ability to pay that amount (he had $64.29 in his account). *See Miller v. Hardy*, 497 Fed.Appx 618, 620 (7th Cir. 2012) ("The relevant inquiry is the state of the inmate's finances at the time of filing."). The obligation to pay the initial filing fee rests with the Plaintiff, not the institution where he is housed. Plaintiff has provided no statement that he did not have the funds to pay when the initial partial filing fee was imposed on December 28, 2015. His Motion for disclosure and initial filing fee is accordingly **DENIED WITHOUT PREJUDICE**. Plaintiff is granted until **June 10, 2016** to pay the initial filing fee or seek relief from the Court's Order (Doc. 4). In seeking relief, Plaintiff shall provide a trustfund account statement from December, 2015 to the filing of any such motion. Plaintiff is **WARNED** that the failure to pay the initial filing fee by the deadline may result in dismissal of this action.

Finally, Plaintiff seeks recruitment of counsel. Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff has made a sufficient attempt to secure counsel without Court intervention. Plaintiff states that he has an 11th grade education and that another inmate has been helping him. Plaintiff does not elaborate on the extent of help he is receiving. Nonetheless, an attorney will not be recruited at this time. Plaintiff's pleadings, motions, and papers indicate that he is capable of coherently communicating in English, he is capable of seeking relief, that he has an understanding of his claims, and that he is capable of performing legal research. Plaintiff appears competent to litigate this matter without counsel. His Motion for Recruitment of Counsel is **DENIED**

**WITHOUT PREJUDICE**.

For the foregoing reasons, the first Motion to Spread the Record filed on March 4, 2016 (Doc. 8) is **MOOT**, his Motion to Appoint Counsel filed on March 25, 2016 (Doc. 11) is **DENIED WITHOUT PREJUDICE**, his (second) Motion to Spread the Record filed on March 25, 2016 (Doc. 12) is **GRANTED**, and his Motion for Disclosure and initial filing fee filed on April 22, 2016 (Doc. 14) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED: May 5, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**